UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TONY DEWAYNE WILLIAMS                    CIVIL ACTION NO. 08-cv-0364

VERSUS                                   REFERRED TO:

U.S. COMMISSIONER SOCIAL                 MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**MEMORANDUM RULING**

Tony Williams ("Plaintiff"), a high school graduate who was born in 1963, applied for disability benefits based on alleged limitations caused by AIDS, peripheral neuropathy related to the AIDS, and affective disorders. ALJ Charles Lindsay conducted a hearing and issued a written decision that followed the five-step sequential analysis. He recognized the above conditions as severe impairments, found that they did not meet or equal a listed impairment, and assessed a residual functional capacity ("RFC") to perform sedentary work, subject to some restrictions. A vocational expert ("VE") testified that a person with Plaintiff's RFC and other vocational factors could not perform Plaintiff's past work as a general construction laborer but could perform the demands of jobs such as final assembler and table worker. The ALJ accepted that testimony and found at step five that Plaintiff was not disabled.

The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). Both parties filed written consent to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the

standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment.

The record shows that Plaintiff has complained and been treated for peripheral neuropathy of his legs and feet, and there is some evidence that Plaintiff uses a cane. Plaintiff testifies that he has almost daily diarrhea that keeps him in the bathroom much of the morning, nausea, constant joint pain throughout the body, daily headaches, constant back pain, dizziness, and drowsiness. Some of those claimed problems are side effects of medications. Plaintiff has also been diagnosed with Hepatitis B, but he cannot be treated unless his T-cell level rises above where it was at the time of the hearing.

Plaintiff complains that the ALJ did not adequately discuss whether he meets or equals Listing 14.08, which addresses HIV infection. Plaintiff was represented at the hearing, but there is no indication in the transcript that the representative argued to the ALJ for the application of the listing. The ALJ's written decision stated at step three that he had considered the criteria required by Listings 12.00 (mental disorders) and 14.00 (immune system), but found that they were not satisfied. The ALJ then wrote a few paragraphs about why Listing 12.00 was not satisfied, but there was no further mention of Listing 14.00 or other immune system listing. Tr. 27-28. Plaintiff's representative then argued to the Appeals Council that various aspects of Listings 14.00 and 14.08 were applicable and should have resulted in a finding of disabled. Tr. 8-10. The Appeals Council denied review without specific discussion of those issues. Tr. 5-7.

Plaintiff argues that the lack of discussion of the listing issue is reversible under authorities such as Audler v. Astrue, 501 F.3d 446 (5th Cir. 2007), which reversed when an ALJ did not so much as cite the listings at issue or provide any explanation for the step three conclusion, despite the presence of objective medical evidence in the record to suggest that the claimant might satisfy a listing. Absent such an explanation, the Fifth Circuit explained, the reviewing court cannot tell whether the decision is based on substantial evidence.

There was a reference to Listing 14.00 (immune system) in the written decision in this case, but there was no reference to or discussion of Listing 14.08 (HIV infection). That listing has several subsections with very specific requirements, and Plaintiff has urged the application of various subsections in arguments to the agency and to the court. It would be inappropriate for the court to assess the listing in the first instance, as the court's role is confined to conducting a substantial evidence review after the agency has made the initial de novo application of the law to the facts. The court's only appropriate examination of the merits of the argument is to determine whether the lack of discussion of the listing was harmless error, which would not require remand. Plaintiff has made colorable, good-faith arguments, supported by citation to record evidence, that aspects of the listing are applicable. The Commissioner offers a general argument that Plaintiff "does not meet all the necessary criteria" but does not point out any particular elements that are foreclosed by the evidence. The lack of discussion of the listing that specifically applies to HIV infection was not harmless in this case. A remand is appropriate so that the agency may gather any additional

medical evidence needed and decide, in the first instance, the application of the listing. Accordingly, a judgment will be entered reversing the Commissioner's decision and remanding this case for further proceedings.

On remand, Plaintiff and the agency may further explore the issues addressed herein or any other relevant matters. <u>See</u> 20 C.F.R. § 404.983 (following a federal court remand, "[a]ny issues relating to your claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case."). <u>See</u> also Social Security Law and Practice, § 55:74 (there is ordinarily "no limit on a claimant's supplementing the record on remand" after a sentence four or sentence six remand).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of February, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE